1

2

3

4

5

6

7

8

9                       UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF WASHINGTON

10

| | |
|---|---|
| 11   UNITED STATES OF AMERICA,        ) | CIVIL ACTION NO.  09-5442 |

11  UNITED STATES OF AMERICA,   )
                              )   CIVIL ACTION NO.  09-5442

12        Plaintiff,                )
                              )

13        v.                     )      CONSENT DECREE
                              )

14   DETREX CORPORATION,         )
    GOODRICH CORPORATION On Behalf of   )

15     LUBRIZOL ADVANCED MATERIALS FCC, INC.  and )
    NOVEON KALAMA, INC.,       )

16   DONALD OLINE,           )
    PORTAC, INC., and         )

17   WEYERHAEUSER COMPANY.       )
                              )

18                               )
       Defendants.          )

19   _____)

20

21

22

23

24

25

26

27   **United States v. Detrex**  **(W.D. Wash)**     United States Department of Justice
  **Consent Decree**                   Environmental & Natural Resources Division

28                                   Environmental Enforcement Section
                                    P.O. Box 7611
  **Page 1**                       Ben Franklin Station
                                    Washington, D.C. 20044

TABLE OF CONTENTS

I.  BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.  JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

III.  PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

IV.  STATEMENT OF PURPOSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

V.  DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

VI.  PAYMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

VII.  FAILURE TO COMPLY WITH CONSENT DECREE . . . . . . . . . . . . . . . . . . . . 13

VIII.  CERTIFICATIONS BY SETTLING DEFENDANTS . . . . . . . . . . . . . . . . . . . . 14

IX.  COVENANT NOT TO SUE BY UNITED STATES  . . . . . . . . . . . . . . . . . . . . . . 15

X.  RESERVATIONS OF RIGHTS BY UNITED STATES  . . . . . . . . . . . . . . . . . . . 15

XI.  COVENANT NOT TO SUE BY SETTLING DEFENDANTS . . . . . . . . . . . . . . . 17

XII.  EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION . . . . . . . . . . . . . 18

XIII.  NOTICES AND SUBMISSIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

XIV.  RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

XV.  INTEGRATION/APPENDICES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

XVI. PUBLIC COMMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

XVII.  EFFECTIVE DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

XVIII.  SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

**United States v. Detrex**  **(W.D. Wash)**        United States Department of Justice
**Consent Decree**                          Environmental & Natural Resources Division
                                            Environmental Enforcement Section
                                            P.O. Box 7611
**Page 2**                                  Ben Franklin Station
                                            Washington, D.C. 20044

# I. BACKGROUND

A.  As a result of the release or threatened release of hazardous substances at or from the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington ("CB/NT Site"), the U.S. Environmental Protection Agency ("EPA"), other governmental entities, and certain private parties have undertaken response actions at or in connection with the CB/NT Site under Section 104 and Section 106 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9604 and 9606, and will undertake response actions in the future. In performing these response actions, EPA, other governmental entities, and said private parties have incurred and will continue to incur Response Costs at or in connection with the CB/NT Site.

B.  On September 8, 1983, EPA placed the CB/NT Site on the National Priorities List pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605.

C.  Under a Cooperative Agreement with EPA, the Washington Department of Ecology ("Ecology") conducted a Remedial Investigation and Feasibility Study (RI/FS) of the CB/NT Site.  Within the Tideflats area of the CB/NT Site, the RI/FS evaluated the nature and extent of contamination and defined problem areas for further study in the Sitcum, Blair, Milwaukee, Hylebos, St. Paul, Middle, Thea Foss (formerly known as City), and Wheeler-Osgood Waterways.  Pursuant to Section 117 of CERCLA, 42 U.S.C. § 9617,  EPA published notice of completion of the Feasibility Study and of the proposed plan for remedial action for the CB/NT Site in February 1989.

D.  Because of the complexity of the CB/NT Site, response actions at the CB/NT Site are currently coordinated under seven operable units managed primarily by EPA and Ecology, including: (1) Operable Unit 01 - CB/NT Sediments; (2) Operable Unit 02 - ASARCO Tacoma Smelter; (3) Operable Unit 03 - Tacoma Tar Pits; (4) Operable Unit 04 - ASARCO

**United States v. Detrex**  **(W.D. Wash)**
**Consent Decree**

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

**Page 3**

Off-Property; (5) Operable Unit 05 - CB/NT Sources; (6) Operable Unit 06 - ASARCO Sediments; and (7) Operable Unit 07 - ASARCO demolition.

E. On September 30, 1989, EPA issued a Record of Decision (ROD) that identified eight (8) problem areas within OU1 that required sediment cleanup. The eight problem areas were the Head and Mouth of the Hylebos Waterway (hereinafter "Hylebos Waterway Problem Areas"), Sitcum Waterway, St. Paul Waterway, Middle Waterway, Head and Mouth of the Thea Foss Waterway (formerly City Waterway), and Wheeler-Osgood Waterway. Notice of the final plan was published in accordance with Section 117(b) of CERCLA.

F. EPA determined in the ROD that there were five major elements of the selected remedy for the CB/NT Site sediments and sources and that further investigation would determine which elements would be applied to each problem area:

i. <u>Site Use Restrictions</u> - To protect human health by limiting access to edible resources prior to and during implementation of source and sediment remedial activities.

ii. <u>Source Control</u> - To be implemented to prevent recontamination of sediments.

iii. <u>Natural Recovery</u> - Included as a preferred remediation strategy for marginally contaminated sediments that are predicted to achieve acceptable sediment quality through either biodegradation, or burial and mixing with naturally accumulating clean sediments within a ten (10) year period.

iv. <u>Sediment Remedial Action</u> - To address sediments containing contamination that is not expected to naturally recover within 10 years. The ROD required active sediment cleanup using one of the following four technologies: in-place capping, dredging and confined aquatic disposal, dredging and nearshore disposal, or dredging and upland disposal. The disposal option is to be identified during design of the remedial action.

**United States v. Detrex** **(W.D. Wash)**
**Consent Decree**

**Page 4**

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

v. <u>Source and Sediment Monitoring</u> - To refine cleanup volume estimates, characterize the effectiveness of source controls, and implement long-term monitoring of the remedial action(s) to ensure long-term protectiveness of the remedy.

G.  Under a State Cooperative Agreement, EPA and Ecology agreed that Ecology would implement OU5 source control actions using state law authorities and EPA would stay in the lead for implementing the CB/NT sediment cleanup, OU1.

H.  This Consent Decree involves settlement of claims for recovery of Response Costs associated with the Hylebos Waterway Problem Areas.  The ROD determined that natural recovery would not sufficiently reduce contaminant concentrations in some areas of the Mouth and Head of the Hylebos Waterway within the ten (10) year period, so the ROD required source control and active sediment cleanup with one of four technology-based remedy options.

I.  On November 29, 1993, six entities (collectively known as the Hylebos Cleanup Committee or "HCC") entered into an Administrative Order on Consent ("HCC AOC") with EPA for the preparation of, performance of, and reimbursement of oversight costs for Pre-remedial Design Activities for the Hylebos Waterway Problem Areas.  By letter dated November 8, 2001, EPA confirmed that all activities required by the HCC AOC were performed, except payment of remaining oversight billings, in accordance with Section XXVI of the HCC AOC.

J.  On August 3, 2000, EPA issued an Explanation of Significant Differences (ESD), pursuant to Section 117(c) of CERCLA, that explained the differences in the remedial action for three waterways including the Hylebos, which significantly changed, but did not fundamentally alter, the remedy selected in the ROD.  The ESD finalized cleanup plans for three waterways within the CB/NT Site, selected disposal sites for all remaining contaminated sediment to be dredged and confined from the CB/NT Site, provided additional performance

**United States v. Detrex** **(W.D. Wash)**
**Consent Decree**

**Page 5**

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

standards, and documented other differences from the ROD.  Based on the studies and
analysis conducted under the HCC AOC with respect to the Hylebos Waterway Problem
Areas, the ESD provided details on the areal extent of sediment contamination in the Hylebos
Waterway Problem Areas and the estimated volume of sediment that required remediation;
designated the areas that were projected to naturally recover within 10 years of remedial
action; outlined EPA's decision to dispose of contaminated sediments in Blair Slip 1 and an
upland regional landfill; established performance standards for mitigation for the Remedial
Action; and estimated the cost of the Remedial Action at the Hylebos Waterway.  Notice and
public comment were taken on the ESD and notice of the final ESD was published in
accordance with Section 117(c) of CERCLA.

K.  The United States has entered into to two additional consent decrees with four
other Potentially Responsible Parties ("PRPs") at the Hylebos Waterway Problem Areas
under which those parties are performing the Remedial Design and Remedial Action selected
by the ESD.  See, United States v. ATOFINA Chemicals et al., Civ. No. C04-5319-RBL
(W.D. Wash. June 2, 2004) and United States v. Port of Tacoma, Occidental Chemical Corp.,
et al., Civ. No. C05-5103-FDB (W.D. Wash. Feb. 8, 2005).

L.  Certain of the Settling Defendants and other parties participated in a non-binding
allocation, a process in which a third-party Allocator recommended shares of liability for all
then-known potentially responsible parties associated with the Hylebos Waterway Problem
Areas.  The Allocator's recommendations, contained in his report, titled "Hylebos Waterway-
Allocator's Final Cost Allocation Formula Report, dated May 22, 2000 ("Allocator's
Report"), forms, in part, a basis for this settlement.   EPA independently reviewed the
Allocator's Report and other pertinent information, and, as to the Settling Defendants only,
accepts the Allocator's numerical allocation for purposes of this settlement.  The Settling
Defendants do not agree that the information or conclusions contained in the Allocator's

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

Report accurately assesses their actual or potential liability or their allocable share of any costs for any CERCLA liabilities the Settling Defendants may have for the Hylebos Waterway Problem Areas.

M.  The Settling Defendants do not admit any liability arising out of the transactions or events alleged to have occurred in connection with the Hylebos Waterway Problem Areas within the CB/NT Site.  The Settling Defendants allege that their only known involvement at the CB/NT Site is with respect to the Hylebos Waterway Problem Areas.

N.  In accordance with Section 122(j)(1) of CERCLA, 42 U.S.C. § 9622(j)(1), EPA notified the natural resource trustees on December 26, 2000, of negotiations with the PRPs regarding the release of hazardous substances that may have resulted in injury to the natural resources under Federal, State and Tribal trusteeship.

O.  The United States and Settling Defendants agree, and by entering this Consent Decree this Court finds, that settlement without further litigation and without the admission or adjudication of any issue of fact or law is in the public interest and is the most appropriate means of resolving this action with respect to Settling Defendants, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Consent Decree, it is ORDERED, ADJUDGED, and DECREED:

## II.  JURISDICTION

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b), and also has personal jurisdiction over Settling Defendants.  Solely for the purposes of this Consent Decree and the underlying Complaint, Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District.  Settling Defendants shall not

**United States v. Detrex  (W.D. Wash)**
**Consent Decree**

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611

**Page 7**

Ben Franklin Station
Washington, D.C. 20044

| | |
|---|---|
| 1 | challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce |
| 2 | this Consent Decree. |

III. <u>PARTIES BOUND</u>

2. This Consent Decree is binding upon and inures to the benefit of the United States and the Settling Defendants and their heirs, successors and assigns. Any change in ownership or corporate or other legal status of a Settling Defendant, including but not limited to, any transfer of assets or real or personal property shall in no way alter such Settling Defendant's responsibilities under this Consent Decree. This Consent Decree does not bind any person or State agency that is not a party to it.

IV. <u>STATEMENT OF PURPOSE</u>

3. By entering into this Consent Decree, the mutual objectives of the Parties are:

a. to reach a final settlement among the Parties pursuant to Section 122 of CERCLA, 42 U.S.C. § 9622, by allowing Settling Defendants to make cash payments, including a premium, to resolve their alleged civil liability to the United States under Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606 and 9607, with regard to the Hylebos Waterway Problem Areas;

b. to resolve the claims of the Settling Defendants which have been or could have been asserted against the United States with regard to the Hylebos Waterway Problem Areas as provided in this Consent Decree; and

c. to provide for contribution protection for Settling Defendants with regard to Response Costs, pursuant to Sections 113(f)(2) and 122 of CERCLA, 42 U.S.C. §§ 9613(f)(2) and 9622, and as set forth in Section XII (Effect of Settlement) of this Consent Decree.

V. <u>DEFINITIONS</u>

4. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the

**United States v. Detrex** **(W.D. Wash)**
**Consent Decree**

**Page 8**

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

meaning assigned to them in the statute or regulations. Whenever the terms listed below are used in this Consent Decree, the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, et seq.

b. "Consent Decree" or "Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

c. "Commencement Bay Nearshore/Tideflats Superfund Site" ("CB/NT Site") shall mean the entire Commencement Bay Nearshore/Tideflats Superfund Site and project area, including contaminated sediments and sources of contamination within the CB/NT Site, located in the City of Tacoma, Pierce County, Washington, and as defined in the CB/NT Record of Decision, dated September 30, 1989.

d. "Date of Lodging" shall mean the day that this Consent Decree is lodged with the Court for public comment pursuant to Paragraph 28.

e. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

f. "Effective Date" shall mean the day that this Consent Decree is entered by the Court as a judicial order.

g. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies, or instrumentalities.

h. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

i. "Hylebos Waterway Problem Areas" shall mean all areas in which contaminated sediments are located, intertidal and subtidal, that require remedial action at and

**United States v. Detrex** **(W.D. Wash)**
**Consent Decree**

Page 9

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

adjacent to the Mouth and the Head of the Hylebos Waterway, which are two of eight Problem Areas only within OU1 of the CB/NT Site. These Problem Areas are described in the CB/NT Site Record of Decision, dated September 30, 1989, and are more specifically delineated in the Figures 3A, 3B, and 3C in the August 3, 2000 ESD. This term does not include Area 5106 which is specifically designated in an Action Memorandum dated July 6, 2001, and property which is the subject of OU5, which encompasses upland properties adjacent to the Hylebos Waterway that are past, present or future sources of hazardous substances to the Hylebos Waterway Problem Areas.

j. "Hylebos Waterway Problem Areas Special Account" shall mean the special account established for the Hylebos Waterway Problem Areas by EPA pursuant to Section 122(b)(3) of CERCLA, 42 U.S.C. §9622(b)(3), and created by the Consent Decree entered in U.S. v. Bay Chemical Company, et al, C99-5521 (RJB), by the U.S. District Court for the Western District of Washington on June 23, 2000.

k. "Interest" shall mean interest at the current rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues.

l. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

m. "Parties" shall mean the United States and the Settling Defendants.

n. "Section" shall mean a portion of this Consent Decree identified by a roman numeral.

o. "Settling Defendants" shall mean those persons and corporations listed in Appendix A.

**United States v. Detrex** **(W.D. Wash)**
**Consent Decree**

**Page 10**

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

p.  "Record of Decision" or "ROD" shall mean the EPA  Record of Decision relating to the CB/NT Site signed on September 30, 1989,  by the Regional Administrator, EPA Region 10, all attachments thereto and incorporating all significant differences thereto documented in the ESD issued on July 28 , 1997 and the ESD issued on August 3, 2000.  The 2000 ESD may be referred to or discussed individually or separately from the 1989 ROD in this Consent Decree where appropriate.

q.  "Response Costs" shall mean all costs of  "response" as that term is defined by Section 101(25) of CERCLA, 42 U.S.C. §9601(25), incurred by the United States in connection with the Hylebos Waterway Problem Areas.  Response Costs shall also include any CB/NT area-wide site costs billed to the CB/NT area-wide account that EPA has or may attribute or allocate to the Hylebos Waterway Problem Areas.  Response Costs shall not include costs related to upland hazardous waste cleanups and/or source control that were incurred by any entity.   The phrase "Past Response Costs" shall mean all costs incurred through February 28, 2009, including any Interest calculated thereon.  The phrase "Future Response Costs" shall mean all Response Costs other than Past Response Costs.

r.  "United States" shall mean the United States of America, including all of its departments, agencies, and instrumentalities, which includes without limitation EPA.

VI.  PAYMENT

5.  Payment of Response Costs and Interest.

a.  Each Settling Defendant shall make certain payments to the United States plus Interest on each payment calculated from the Date of Lodging of this Consent Decree through the date of each payment.  The amount of each payment and the dates by which each payment must be received is specified for each Settling Defendant in Appendix B to this Consent Decree.  All payments and associated Interest shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with EFT

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

instructions provided to Settling Defendants by the Financial Litigation Unit of the U.S. Attorney's Office in the Western District of Washington following lodging of the Consent Decree.

6. Each Settling Defendant's total payment(s), as set forth in Appendix B, includes an amount for:

a. Past Response Costs incurred at or in connection with the Hylebos Waterway Problem Areas; and

b. Future Response Costs to be incurred at or in connection with the Hylebos Waterway Problem Areas; and

c. a one hundred percent (100%) premium on Future Response Costs to cover the risks and uncertainties associated with this settlement, including but not limited to, the risk that total Response Costs incurred or to be incurred in connection with the Hylebos Waterway Problem Areas, by the United States will exceed the cost estimate for Future Response Costs or exceed the amount other PRPs can contribute.

7. At the time of each payment made pursuant to Paragraph 5 above, each Settling Defendant shall send notice that such payment has been made to EPA and the Department of Justice ("DOJ") in accordance with Section XIII (Notices and Submissions). Such notice shall reference the EPA Region and Site/Spill Identification Number 108N and 107C, DOJ Case Number 90-11-3-09454/1, and the civil action number of this action.

8. The United States shall deposit all payments made pursuant to Paragraph 5 of this Consent Decree into the Hylebos Waterway Problem Areas Special Account.

9. After completion of all remedial actions for the Hylebos Waterway Problem Areas, any balance remaining in the Hylebos Waterway Problem Areas Special Account shall be transferred by EPA to the EPA Hazardous Substance Superfund.

**United States v. Detrex** **(W.D. Wash)**
**Consent Decree**

Page 12

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

## VII. FAILURE TO COMPLY WITH CONSENT DECREE

10. <u>Stipulated Penalties</u>.

a. If any Settling Defendant fails to make any payment required to be made pursuant to Paragraph 5 of this Consent Decree and as specified in Appendix B, that Settling Defendant shall pay stipulated penalties of $1,000 per day for each day such payment is late. Such stipulated penalties are in addition to Interest calculated from the Date of Lodging through the date on which payment is made as required by Paragraph 5.

b. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA. All payments of stipulated penalties made under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund" and shall be deposited in the Hylebos Waterway Problem Areas Special Account to be retained and used to conduct or finance the response action at or in connection with the Hylebos Waterway Problem Areas. The check, or the letter accompanying the check, shall reference the name and address of the party(ies) making the payment, the Hylebos Waterway Problem Areas, and the Site/Spill Identification Numbers 108N and 107C, and DOJ Case Number 90-11-3-09454/1 and shall be sent to:

> U.S. Environmental Protection Agency
> Fines and Penalties
> Cincinnati Finance Office
> P.O. Box 979077
> St. Louis, MO 63197-9000

11. If the United States brings an action to enforce this Consent Decree against a Settling Defendant and prevails in said action, that Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time. Payments made under this Section VII shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of such Settling Defendant's failure to comply with the

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

1    requirements of this Consent Decree.  Notwithstanding any other provision of this Section,

2    the United States may, in its unreviewable discretion, waive payment of any portion of the

3    stipulated penalties that have accrued pursuant to this Consent Decree.  Payment of stipulated

4    penalties shall not excuse such Settling Defendants from payment as required by Section VI

5    or from performance of any other requirements of this Consent Decree.

6                        VIII.  CERTIFICATIONS BY SETTLING DEFENDANTS

7           12.   By signing this Consent Decree, each Settling Defendant certifies, individually,

8    that, to the best of its knowledge and belief:

9                  a.   in response to any request for information by EPA, it conducted a

10   thorough, comprehensive, good faith search for documents and disclosed any documents or

11   information responsive to the request that was, at the time of the request, in the possession of

12   its officers, directors, employees, contractors, or agents, which relates in any way to the

13   Hylebos Problem Areas;

14                 b.   to the extent it provided information to the Allocator, such information was

15   true and accurate;

16                 c.   it has no information that suggests its contributions of hazardous

17   substances, pollutants, or contaminants to one or both of the Hylebos Waterway Problem

18   Areas was greater than determined in the Allocator Report; and

19                 d.   it exercised its best efforts not to alter, mutilate, discard, destroy, or

20   otherwise dispose of any records, documents, or other information relating to its potential

21   liability regarding the Hylebos Waterway Problem Areas after EPA notified it of its potential

22   liability for EPA response costs.

23          13.   The certifications contained in Paragraph 12 inure only to the benefit of the

24   United States and the Settling Defendants, and not to any other parties.

25

26

27   **United States v. Detrex  (W.D. Wash)**          United States Department of Justice
     **Consent Decree**                                Environmental & Natural Resources Division
                                                        Environmental Enforcement Section
28                                                      P.O. Box 7611
     **Page 14**                                        Ben Franklin Station
                                                        Washington, D.C. 20044

## IX.  COVENANT NOT TO SUE BY UNITED STATES

14.  <u>Covenant Not to Sue Settling Defendants by United States.</u>  Except as specifically provided in Section X (Reservations of Rights by the United States), the United States covenants not to sue or to take administrative action against Settling Defendants pursuant to Sections 106 and 107(a) of CERCLA and Section 7003 of RCRA relating to the Hylebos Waterway Problem Areas.  The covenant not to sue for each Settling Defendant shall take effect upon receipt by the United States of that Settling Defendant's payment and Interest, and, in the case of a Settling Defendant making multiple payments, on receipt of the first payment and Interest, required by Section VI (Payment) and any amount due under Section VII (Failure to Comply with Consent Decree).   The covenant not to sue as to each Settling Defendant is conditioned upon the satisfactory performance by that particular Settling Defendant of its obligations under this Consent Decree, including but not limited to subsequent payments required by Section VI of this Consent Decree and Appendix B, as well as the veracity of the certification made in Paragraph 12 of this Consent Decree.  The unsatisfactory performance of such obligations by one or more Settling Defendants shall not invalidate, or in any way diminish, the covenant not to sue as to any other Settling Defendant. These covenants not to sue extend only to the Settling Defendants and do not extend to any other person.

## X.  RESERVATIONS OF RIGHTS BY UNITED STATES

15.  Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, its right to institute proceedings in this action or in a new action, or to issue an administrative order seeking to compel one or more Settling Defendants to perform further response actions relating to the Hylebos Waterway Problem Areas or to reimburse the United States for additional costs of response

**United States v. Detrex  (W.D. Wash)**
**Consent Decree**

**Page 15**

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

if conditions at the Hylebos Waterway Problem Areas or information unknown to EPA as of the Date of Lodging are discovered and, together with any other relevant information, indicate that the Remedial Action is not protective of human health or the environment.

16.   The covenant not to sue by the United States set forth in Paragraph 14 does not pertain to any claims other than those expressly specified in that Paragraph, including but not limited to any civil or criminal claims under other statutes or under other Sections of CERCLA.  The United States also reserves and this Consent Decree is without prejudice to, all rights against each Settling Defendant with respect to the following claims under Section 106 or 107 of CERCLA:

a.   liability for failure of a Settling Defendant to meet a requirement of this Consent Decree;

b.   liability for costs incurred or to be incurred by the United States that are not within the definition of Response Costs;

c.   criminal liability;

d.   liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments within or outside of the Hylebos Waterway Problem Areas;

e.   liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606, or for response costs under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), based upon Settling Defendants' ownership or operation of any part of the CB/NT Site, or upon Settling Defendants' transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal, of a hazardous substance or a solid waste at or in connection with the CB/NT Site, after execution of this Consent Decree by Settling Defendants; and

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

f.  liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Hylebos Problem Areas.

17.  Notwithstanding any other provision in this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to reopen or institute proceedings against any individual Settling Defendant in this action or in a new action to reimburse the United States for Response Costs, and/or to issue an administrative order to any individual Settling Defendant seeking to compel that Settling Defendant to perform response actions relating to the Hylebos Waterway Problem Areas, and/or to reimburse the United States for additional costs of response if:

a.  the United States finds that the individual Settling Defendant's Certifications made in Section VIII of this Decree are untrue or inaccurate in a material way; or

b.  information is discovered that indicates that such individual Settling Defendant contributed hazardous substances to the Hylebos Waterway Problem Areas in such greater amount or such greater toxic or other hazardous effects that EPA determines that the discovered information materially changes the basis for entering into this settlement with the particular Settling Defendant.

XI.  <u>COVENANT NOT TO SUE BY SETTLING DEFENDANTS</u>

18.  Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States or its contractors or employees with respect to the remedial action at the Hylebos Waterway Problem Areas or this Consent Decree, including, but not limited to:

**United States v. Detrex  (W.D. Wash)**
**Consent Decree**

**Page 17**

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

a. any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b. any claim against the United States arising out of response activities at the Hylebos Waterway Problem Areas, including any claim under the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Hylebos Waterway Problem Areas.

19. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. Part 300.700(d).

20. Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against each other with regard to the matters addressed by this Consent Decree pursuant to Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613.

## XII. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

21. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The United States and each Settling Defendant expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Hylebos Waterway Problem Areas or the CB/NT Site against any person not a party to this Consent Decree. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such

**United States v. Detrex** **(W.D. Wash)**
**Consent Decree**

**Page 18**

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

22.   The Parties agree, and by entering this Consent Decree this Court finds, that this settlement constitutes a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2) and that each Settling Defendant is entitled, as of the Effective Date of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. 9613(f)(2), or as may be otherwise provided by law, for "matters addressed" in this Consent Decree.  The "matters addressed" in this Consent Decree are all response actions taken and to be taken by the United States or by any other entity, and Response Costs incurred in connection with the Hylebos Waterway Problem Areas, including past and future Response Costs incurred and to be incurred by the United States, and past and future Response Costs incurred by any other entities in connection with the Hylebos Waterway Problem Areas.  "Matters addressed" does not include any claims under contractual indemnities or any other private contractual obligations.

23.   Each Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim.  Each Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify the EPA and DOJ in writing within 30 days of service of the complaint or claim upon it.  In addition, each Settling Defendant shall notify the EPA and DOJ within 10 days of any service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

24.   In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of Response Costs, or other relief relating to the Hylebos

**United States v. Detrex** **(W.D. Wash)**
**Consent Decree**

**Page 19**

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

Waterway Problem Areas, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised in the subsequent proceeding were or should have been brought in the instant action; provided, however, that nothing in this Paragraph affects the enforceability of the covenant not to sue included in Paragraph 14.

## XIII. NOTICES AND SUBMISSIONS

25. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the Department of Justice, EPA, and Settling Defendants.

**As to Plaintiff, the United States**

As to the Department of Justice:

Chief, Environmental Enforcement Section
United States Department of Justice
DJ No. 90-11-3-09454/1
P.O. Box 7611
Washington, D.C. 20044-7611

As to EPA

Alexander Fidis, Esq.
Assistant Regional Counsel
Office of Regional Counsel
United States Environmental Protection Agency, Region 10
ORC-158, 1200 Sixth Avenue
Seattle, Washington 98101

With a copy to:

Jonathan Williams
Remedial Project Manager
United States Environmental Protection Agency, Region 10

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

ECL- 111
1200 Sixth Avenue
Seattle, Washington  98101

Morris Lance, Finance Section
United States Environmental Protection Agency, Region 10
1200 Sixth Avenue
Seattle, Washington 98101

U.S. Environmental Protection Agency
Servicing Finance Office
26 West Martin Luther King Drive
MS-NWD
Cincinnati, Ohio 45268

**As to Settling Defendants**

As to Detrex Corporation:

Robert Currie, Esq.
Vice President, General Counsel and Corporate Secretary
Detrex Corporation
24901 Northwestern Highway
Suite 410
Southfield, Michigan 48075-2203

With a Copy to:
Cortney E. Goldberg, Esq.
BODMAN LLP
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226

As to Goodrich Corporation:

> Heidi B. Goldstein
> Thompson Hine LLP
> 127 Public Square
> 3900 Key Center
> Cleveland, OH 44114

As to Donald Oline:

> Don Oline
> 1940 Marine View Drive
> Tacoma, WA  98422

> Clark J. Davis
> Davis Roberts & Johns

**United States v. Detrex** (W.D. Wash)
**Consent Decree**

Page 21

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

7525 Pioneer Way, Suite 202
Gig Harbor, WA 98335

As to Portac:

Portac, Inc.
Attn.:  Gary Takahashi, President
The Fabulich Center
3600 Port of Tacoma Road, Suite 302
Tacoma, Washington 98424

As to Weyerhaeuser:

Weyerhaeuser Company
Law Department
Attn.:  Vice President and General Counsel
P.O. Box 9777
Federal Way, Washington 98063-9777

With a copy to:
Claire S. Grace
Vice President and Corporate Secretary
P.O. Box 9777
Federal Way, Washington 98063-9777
(Ship to):
33663 Weyerhaeuser Way South
Federal Way, WA 98003

## XIV.  RETENTION OF JURISDICTION

26.   This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XV.  INTEGRATION/APPENDICES

27.   This Consent Decree and Appendices A and B, attached hereto constitute the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree.  The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.  "Appendix A" is the list of Settling Defendants.  "Appendix B sets forth the payments that each Settling Defendant is required to make pursuant to this Consent Decree.

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

## XVI. PUBLIC COMMENT

28.  This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment.  The United States shall file with the Court any written comments received and the United States' response thereto.  The United States reserves the right to withdraw or withhold its consent if comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate.  Settling Defendants consent to entry of this Consent Decree without further notice, and the United States reserves the right to oppose an attempt by any person to intervene in this civil action.

29.  If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVII. EFFECTIVE DATE

30.  The effective date of this Consent Decree shall be the date of entry by this Court, following public comment pursuant to Section XVI.

## XVIII. SIGNATORIES/SERVICE

31.  Each undersigned representative of a Settling Defendant to this Consent Decree and the Acting Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice, or his delegatee, certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such party to this Consent Decree.

32.  Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

**United States v. Detrex  (W.D. Wash)**
**Consent Decree**

Page 23

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

1   33.   Each Settling Defendant shall identify, on the attached signature page, the name

2   and address of an agent who is authorized to accept service of process by mail on behalf of

3   that Party with respect to all matters arising under or relating to this Consent Decree.  Settling

4   Defendants hereby agree to accept service including, but not limited to, service of a summons,

5   in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal

6   Rules of Civil Procedure and any applicable local rules of this Court.  The Parties agree that

7   Settling Defendants need not file an Answer to the Complaint in this action unless or until the

8   United States withdraws its consent to the Consent Decree or the Court expressly declines to

9   enter this Consent Decree.

11   IT IS SO ORDERED this 2nd day of September, 2009.

12                                          RONALD B. LEIGHTON
13                                          UNITED STATES DISTRICT JUDGE

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

1  THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United</u>
2  <u>States v. Detrex, et. al.</u> relating to the Hylebos Waterway Problem Areas, within the
   Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce
3  County, Washington:

4                                                        **FOR THE UNITED STATES OF AMERICA**

5

6
   Date: _____            _____
7                                      ELLEN M. MAHAN
                                       Deputy Section Chief
8                                      Environmental Enforcement Section
                                       Environmental and Natural Resources Division
9

10 Date: _____            _____
                                       ELIZABETH L. LOEB
11                                     Trial Attorney
                                       Environmental Enforcement Section
12                                     Environmental and Natural Resources Division
                                       United States Department of Justice
13                                     P.O. Box 7611
                                       Washington, D.C.  20044
14                                     (202) 616-8916
                                       Elizabeth.Loeb@usdoj.gov
15

16

17

18

19

20

21

22

23

24

25

26
   **United States v. Detrex  (W.D. Wash)**          United States Department of Justice
27 **Consent Decree**                                 Environmental & Natural Resources Division
                                                       Environmental Enforcement Section
28                                                     P.O. Box 7611
   **Page 25**                                         Ben Franklin Station
                                                       Washington, D.C. 20044

JEFFERY C. SULLIVAN
United States Attorney for the
Western District of Washington


Date: July 15, 2009                    /s/ Brian Kipnis
                                       BRIAN KIPNIS
                                       Assistant U.S. Attorney
                                       Office of the United States Attorney
                                       Western District of Washington
                                       5200 United States Courthouse
                                       700 Stewart Street
                                       Seattle, WA 98101-1271.
                                       206-553-4426
                                       Brian.Kipnis@usdoj.gov

**United States v. Detrex** **(W.D. Wash)**
**Consent Decree**

Page 26

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

1

2

3    Date: _____        _____

4                                       DANIEL D. OPALSKI
                                        Director, Environmental Cleanup Office
5                                       Region 10
                                        U.S. Environmental Protection Agency
6                                       1200 Sixth Avenue
                                        Seattle, Washington 98101
7

8    Date: _____        _____

9                                       ALEXANDER FIDIS, ESQ.
                                        Assistant Regional Counsel
10                                      U.S. Environmental Protection Agency
                                        1200 Sixth Avenue
11                                      Seattle, Washington 98101
                                        (206) 553-4710
12                                      Fidis.Alexander@epa.gov

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   **United States v. Detrex** **(W.D. Wash)**        United States Department of Justice
     **Consent Decree**                                 Environmental & Natural Resources Division
28                                                      Environmental Enforcement Section
                                                        P.O. Box 7611
     **Page 27**                                        Ben Franklin Station
                                                        Washington, D.C. 20044

FOR DETREX CORPORATION

Date: _____

Robert Currie, Esq.
Vice President, General Counsel and Corporate
Secretary
Detrex Corporation
24901 Northwestern Highway
Suite 410
Southfield, Michigan 48075-2203
248-358-5800 (T)
248-799-7192 (F)
E-mail rcurrie@detrex-hq.com

Date: _____

Cortney E. Goldberg, Esq.
BODMAN LLP
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
313-393-7594 (T)
313-393-7579 (F)
E-mail: cgoldberg@bodmanllp.com

Agent Authorized to Accept Service:

_____
_____
_____

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

1

2

3

4   Date:

5

6

7

8

9   Agent Authorized to Accept Service:

10

11  _____

12  _____
    _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOR GOODRICH CORPORATION On Behalf of  LUBRIZOL ADVANCED MATERIALS, F.F.C., INC. and NOVEON KALAMA, INC.**

_____
Heidi B. Goldstein
Thompson Hine LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114
**[need phone, fax and email]**

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

**FOR DONALD OLINE**

Date:

_____
Don Oline
1940 Marine View Drive
Tacoma, WA 98422

Date:

_____
Clark J. Davis
Davis Roberts & Johns
7525 Pioneer Way, Suite 202
Gig Harbor, WA 98335
**[need phone, fax and email]**

Agent Authorized to Accept Service:

_____
_____
_____

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

1
2          Date:

FOR PORTAC, INC.

3                                                    _____
                                                   Gary Takahashi, President
4                                                  The Fabulich Center
                                                   3600 Port of Tacoma Road, Suite 302
5                                                  Tacoma, Washington 98424
                                                   **[need phone, fax and email]**

6

7          Agent Authorized to Accept Service:

8

9          _____
           _____
10         _____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27         **United States v. Detrex** (W.D. Wash)
           **Consent Decree**

28

           **Page 31**

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

1
2
3
4
5
6
7
8
9
10
11               **PAGE 32 INTENTIONALLY LEFT BLANK**
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

27   **United States v. Detrex** **(W.D. Wash)**          United States Department of Justice
     **Consent Decree**                                   Environmental & Natural Resources Division
28                                                        Environmental Enforcement Section
                                                          P.O. Box 7611
     **Page 32**                                          Ben Franklin Station
                                                          Washington, D.C. 20044

**FOR WEYERHAEUSER COMPANY:**

Date:

_____
Sara Schreiner Kendall
Vice President- Environment, Helath &
Saftey
Weyerhaeuser Company
P.O. Box 9777
Federal Way, Washington 98063-9777
**[need phone, fax email]**

Agent Authorized to Accept Service:

_____
_____
_____

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

# APPENDIX A

DETREX CORPORATION

GOODRICH CORPORATION On Behalf Of LUBRIZOL ADVANCED
MATERIALS FCC, INC. and NOVEON KALAMA, INC.

DONALD OLINE

PORTAC, INC.

WEYERHAEUSER COMPANY

# APPENDIX B

<u>PAYMENTS REQUIRED FOR EACH DEFENDANT</u>

**<u>DETREX CORPORATION:</u>**

<u>Payment Amounts for Detrex</u>

| Past Costs | Future Costs | Premium on Future Costs | Total Payment Amount |
|---|---|---|---|
| **700,721.96** | **149,639.02** | **149,639.02** | **$1,000,000.00** |
| | | | |

<u>Payment Dates for Detrex</u>

| **Date by Which Payment Must be Received** | **Amount for Each Payment** |
|---|---|
| Within Thirty (30) Day of the Effective Date | $250,000.00 |
| Within One Year of the Effective Date | $250,000.00 |
| Within Two Years of the Effective Date | $250,000.00 |
| Within Three Years of the Effective Date | $250,000.00 |
| **Total Payment** | **$1,000,000.00** |

**<u>GOODRICH CORPORATION On Behalf of LUBRIZOL ADVANCED MATERIALS, FCC, INC. and NOVEON KALAMA, INC.</u>**

<u>Payment Amounts for Goodrich Corporation</u>

| Past Costs | Future Costs | Premium on Future Costs | Total Payment Amount |
|---|---|---|---|
| **$16,933.81** | **4,552.20** | **4,552.20** | **26,038.21** |
| | | | |

<u>Payment Dates for Goodrich</u>

| **Date by Which Payment Must be Received** | **Amount for Each Payment** |
|---|---|
| Within Thirty (30) Days of the Effective Date | $26,038.21 |

**United States v. Detrex (W.D. Wash)**
**Consent Decree**
**Appendix B**

**Page 1**

| Total Payment | $26,038.21 |
|---|---|

**DONALD OLINE:**

Payment Amounts for Donald Oline

| Past Costs | Future Costs | Premium on Future Costs | Total Payment Amount |
|---|---|---|---|
| **$309,581.46** | **$64,209.27** | **$64,209.27** | **$438,000.00** |
| | | | |

Payment Dates for Donald Oline

| Date by Which Payment Must be Received | Amount for Each Payment |
|---|---|
| Within Thirty (30) Days of the Effective Date | $438,000.00 |
| **Total Payment** | **$438,000.00** |

**PORTAC, INC.:**

Payment Amounts for Portac:

| Past Costs | Future Costs | Premium on Future Costs | Total Payment Amount |
|---|---|---|---|
| **$108,564.56** | **$29,167.80** | **$29,167.80** | **$166,900.16** |
| | | | |

Payment Dates for Portac:

| Date by Which Payment Must be Received | Amount of Each Payment |
|---|---|
| Within Thirty (30) Days of the Effective Date | $166,900.16 |
| **Total Payment** | **$166,900.16** |

**United States v. Detrex (W.D. Wash)**
**Consent Decree**
**Appendix B**

**Page 2**

## WEYERHAEUSER COMPANY:

Payment Amounts for Weyerhaeuser

| Past Costs | Future Costs | Premium on Future Costs | Total Payment Amount |
|---|---|---|---|
| **$490,640.92** | **$104,679.54** | **$104,679.54** | **$700,000.00** |
| | | | |

Payment Dates for Weyerhaeuser

| Date by Which Payment Must be Received | Amount of Each Payment |
|---|---|
| Within Thirty (30) Days of the Effective Date | $700,000.00 |
| **Total Payment** | **$700,000.00** |

**United States v. Detrex (W.D. Wash)**
**Consent Decree**
**Appendix B**

**Page 3**